**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES of AMERICA,

v.  05-CR-268

SCOTT SCHILLER,

        Defendant

## MEMORANDUM-DECISION & ORDER

### *Introduction*

    Defendant Scott A. Schiller is charged with one count of embezzlement of approximately $89,000.00 from a Key Bank branch located in Canastota, New York. At the upcoming trial, the Government is seeking to introduce evidence of defendant's use of cocaine during 2004. More specifically, one of the Government's witnesses "will testify that Schiller regularly purchased significant quantities of powder cocaine[,] spending hundreds of dollars a week to support his habit." Doc. #14 at 5.

    Based upon Fed. R. Evid. 404(b), the Government is seeking to introduce such evidence to show motive and identity. From the Government's perspective Schiller's drug use provided the motive for his embezzling monies from his employer, Key Bank, and is relevant to the issue of identity because the defendant denies that he embezzled the monies. Rather, he maintains that the Bank's janitorial service may have taken the missing funds.

    Through this motion *in limine* defendant Schiller is seeking to preclude this drug use testimony. He objects to the admission of this testimony because it is not "sufficient[ly] detail[ed]" both in terms of defendant's drug use and his "actual

financial need[.]" Doc. #29 at 4. If the court denies his motion to preclude, defendant specifically requests that he be allowed to submit a limiting charge. See id. at 2 n.2.

### *Discussion*

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). That Rule further provides, "however," that such prove "**may**, . . . , be admissible for other purposes, such as **proof of motive**, opportunity, intent, preparation, plan, knowledge, **identity**, or absence of mistake or accident." Id. (emphasis added). The parties agree that the Second Circuit's approach is "inclusionary" when it comes to what is commonly referred to as other act evidence under this Rule. See United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004) (citation omitted). This inclusionary approach "allows such evidence to be admitted for *any purpose other than* to *demonstrate criminal propensity.*" Id. (citation omitted) (emphasis added). The parties also agree that in deciding whether a district court has properly admitted evidence under Rule 404(b), the Second Circuit looks at four factors: " whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendants." United States v. Zedner, 401 F.3d 36, 49 (2d Cir. 2005) (internal quotation mark and citation omitted), cert. granted on other grounds, 126 S.Ct. 978 (Jan. 6, 2006).

Defendant Schiller readily concedes that the only issue here is whether the Government can show that the probative value of this drug use testimony is "substantially outweighed by its prejudicial effect[.]" Doc. #29 at 1 and 2. He asserts, however, that the Government cannot meet its burden in this regard. The

Government's position is that the probative value of this evidence is "heightened" because identity is at issue; it "supplies a powerful motive for . . . embezzlement[;]" and the prejudice, if any, can be cured by use of a limiting instruction. Doc. #14 at 7.

The Government relies upon United States v. LaFlam, 369 F.3d 153 (2d Cir. 2004); and United States v. Bitterman, 320 F.3d 723 (7th Cir. 2003), to support its argument for admitting this drug use evidence. In LaFlam the Second Circuit upheld the admission of testimony of defendant's uncharged drug use. That testimony was admissible because, among other reasons, it was "not for the improper purpose of showing a propensity for criminal behavior, but rather to demonstrate a motive – to pay off existing drug debts and to purchase more drugs – to commit the charged robberies." Id. at 156. The Court further noted that LaFlam had conceded that because there was an issue as to the identity of the bank robber, evidence of his motive for committing the bank robberies was "material and relevant." Id. at 157. In affirming the admission of this drug use testimony the Second Circuit relied upon the district court's "considered conclusion" that "evidence of LaFlam's drug use is not more prejudicial than probative[,]" and the fact that a limiting instruction was given to the jury. Id. (internal quotation marks omitted).

Similarly, in Bitterman the Seventh Circuit found that testimony of defendant's heroin addiction was properly admitted under Rule 404(b) because it was "relevant to establish [the defendant's] motive to commit the robbery (in all probability so as to finance his serious drug habit of some five years)." Id. at 727. Then, because the district court gave a limiting instruction as to this testimony, the Circuit Court was "not convinced that the potential prejudice . . . outweighed its probative valued." Id. (citation and footnote omitted).

Defendant's attempt to distinguish LaFlam is unavailing. To be sure, in LaFlam

there was testimony that shortly after the two robberies, the defendant bought and used cocaine; and at least at this juncture the Government has not indicated that it will be proffering similar testimony in this case. However, as in LaFlam, identity is also an issue here. That, in combination with the fact that as in LaFlam this court intends to give a limiting instruction, supports a finding that any prejudice to defendant Schiller is substantially outweighed by the probative value of this evidence.

Although he recited the facts of Bitterman, defendant made no attempt to distinguish that case. Perhaps that is because even more so than LaFlam, Bitterman supports allowing the admission of testimony of Schiller's drug habit. In Bitterman the Court allowed a co-conspirator's testimony that he and the defendant had "used heroin together since their freshman year of high school[.]" Bitterman, 320 F.3d at 727. Such testimony was admissible even though the "robbery occurred approximately five and a half years after the two had been in . . . ninth grade[.]" Id. In the present case, there is a much closer temporal proximity. The anticipated testimony is that in 2004 defendant Schiller "regularly purchased significant quantities of . . . cocaine[,]" and he is charged with embezzling bank funds from late November 2003 "up to and including August 4, 2004[.]" Doc. #1 at 1.

In arguing that the probative value of this drug use testimony is substantially outweighed by its prejudicial effect, defendant Schiller relies upon three cases. Because the admissibility of drug use testimony is quite fact specific, a fairly detailed description of those cases is in order. First of all, defendant Schiller points to United States v. Mullings, 364 F.2d 172 (2d Cir. 1966), wherein the Second Circuit held that evidence of defendant's drug use should have been excluded from his trial on theft charges. The Second Circuit recognized that "a *lack* of money is admissible to show a possible motive for some crimes[.]" Id. at 175 (citation omitted). Nonetheless, the

<u>Mullings</u> Court found that the "chain of inferences" in that case was "too speculative[]" because there was no evidence of how often the defendant used drugs; of how much it would cost to maintain his habit; or that he could not buy the drugs because he did not have sufficient funds. <u>Id.</u> In the absence of such proof, the Court found that evidence of defendant's drug use "only show[ed] that he *might* have lacked money and therefore might have had a motive to commit the crime[.]" <u>Id.</u> at 175-76. This proof, according to the Second Circuit was "too remote; the need for money being speculative the motivation can be no better." <u>Id.</u> at 176. Thus, the Court concluded that the probative value of the drug use testimony in <u>Mullings</u> "was outweighed by its prejudicial effect" because "[i]t would place far too much stress on the mere fact of his addiction alone." <u>Id.</u>

There are to significant differences between <u>Mullings</u> and the present case. The first is that the evidence of defendant's drug use in <u>Mullings</u> was "to some unspecified degree," <u>United States v. Polansky</u>, 418 F.2d 444, 448 (2d Cir. 1969), whereas here the anticipated testimony will be that Schiller "regularly purchased" cocaine, "spending hundreds of dollars a week to support his habit." Doc. #14 at 5. Moreover, in sharp contrast to <u>Mullings</u>, identity is an issue here which makes the testimony of Schiller's drug use all the more relevant. In short, unlike <u>Mullings</u>, the drug use evidence here is not "the mere fact of . . . addiction alone[;]" it is more than that. <u>See Mullings</u>, 364 F.2d at 176. In light of the foregoing, the court declines to apply the <u>Mullings</u> rationale to this action.

Defendant fares no better with his reliance upon <u>United States v. Madden</u>, 38 F.3d 747 (4th Cir. 1994). Based upon <u>Madden</u>, defendant Schiller argues that because the proffered evidence of his drug use does not include "sufficient evidence of [his] actual financial need[,]" it will invite "speculat[ion]" by the jury, and "invite" it to

draw the "impermissible inference [] that [he] was more likely to steal simply because he was using drugs during the period in question." Doc. #29 at 4. The court is fully aware that at least at this juncture the Government is not proffering explicit proof of Schiller's financial need. By the same token, however, this is *not* a situation like Madden where the evidence of drug use is "highly imprecise[,]" because there is "absolutely no indication regarding the quantity and regularity of [defendant's] drug use." See Madden, 38 F.3d at 752 (footnote omitted). To the contrary, this is a case where there is "evidence of extensive drug use" which may properly raise "an inference of great expense[.]" See id. Moreover, this Circuit has not placed the strong emphasis on financial need which the Fourth Circuit has.

The third and final case to which Schiller cites in arguing against the admission of drug use testimony is United States v. Sutton, 41 F.3d 1257 (8th Cir. 1994). Once again, however, Schiller's reliance is misplaced. In that bank robbery case, the Eighth Circuit held that evidence of the defendant's drug use was immaterial and its prejudicial impact would outweigh its probative value. Defendant Schiller is conveniently overlooking the fact, however, that motive was *not* a material issue in Sutton, but it is here. Identity also was not an issue in Sutton, but it is here. Finally, unlike Sutton , here the Government is not "simply ask[ing] the jury to draw a raw inference about the defendant's motive from the fact that he uses drugs." See id. at 1259. Instead, in this case the Government is attempting to have the jury draw the inference that because of his regular purchases of cocaine and the sums of money he expended during a time frame which coincides with his alleged embezzlement, defendant Schiller had a motive for that crime. The Government is also seeking to have the jury draw the inference that due to his drug use, defendant was the person who embezzled the money from Key Bank, not the janitorial staff, as defendant has

indicated.

The court is keenly aware that the admission of this other act evidence "runs the risk that the jury [may] punish the defendant for [drug use] rather than [for] the charged offense [embezzlement.]" See Zedner, 401 F.3d at 50.  The fact that this drug use testimony is relevant to the issues of motive and identity, in combination with the fact that a limiting instruction will be given, in keeping with this Circuit's "inclusionary" approach to such other act evidence under Rule 404(b), the court finds that any potential prejudice here is substantially outweighed by the probative value of this evidence.  In this regard, the parties are hereby directed to electronically file such a proposed instruction by no later than 5:00 p.m. on Tuesday, February 7, 2006. IT IS SO ORDERED.

                                             Neal P. McCurn,
                                             Sr. U.S. District Court Judge

February 3, 2006